**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LOUIS D. COSCO, | No. 09-17162 |
| Plaintiff - Appellant, | D.C. No. 3:05-cv-00078-JCM-RAM |
| v. | |
| DEBI D. LIGHTSEY, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted January 10, 2011[**]

Before:     BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

Louis D. Cosco, formerly a Nevada state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging violation

of his right of access to the courts arising from a prison librarian's failure to

photocopy a legal document in a timely manner. We have jurisdiction under 28

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291.  We review de novo, *FTC v. Stefanchik*, 559 F.3d 924, 927 (9th Cir. 2009), and we affirm.

The district court properly granted summary judgment to Lightsey because the right of access to the courts is limited to cases in which inmates "attack their sentences, directly or collaterally, and . . . challenge the conditions of their confinement.  Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis v. Casey*, 518 U.S. 343, 355 (1996).  Cosco's underlying litigation was not a challenge to his conviction or to his conditions of confinement. Rather, it was based on a declaratory judgment action related to a settlement agreement he had entered into with Wyoming prison officials, regarding compensation for property that was confiscated from his prison cell.  Therefore, Cosco had no constitutional right of access to the courts to litigate the underlying action. *See Simmons v. Sacramento Cnty. Super. Ct.*, 318 F.3d 1156, 1159-60 (9th Cir. 2003) (explaining that "a prisoner has no constitutional right of access to the courts to litigate an unrelated civil claim").

Cosco's remaining contentions are unpersuasive.

**AFFIRMED.**

2                                                                                    09-17162